UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS MARRERO,

**20-CV-603 (LTS) (OTW)**

Plaintiff,


-against-


RYER REALTY HOLDINGS 2108 LLC, and
ALEXANDER HOFFMAN

Defendants.

------------------------------------------------------------------------X

### REPORT OF RULE 26(F) REPORT AND PROPOSED CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on April 29, 2020, and exchanged communications thereafter, and submit the following report of their meeting and for the court's consideration:

**1.      Summary of Claims, Defenses, and Relevant Issues**

*Plaintiff*

Plaintiff brings claims for unpaid overtime wages, liquidates damages, including liquidated damages on all wages paid later than weekly, penalties for wage notice and wage statement violations, attorney's fees and costs.

*Defendants*

Defendants maintain that the claims asserted by Plaintiff under the FLSA and NYLL have no merit whatsoever. Defendants assert that Plaintiff did not work the hours that he alleges in his complaint, and that he was properly paid for all hours worked, at the appropriate rate under applicable law. Defendants further maintain that Plaintiff's claim for overtime under NYLL is baseless, as he was the building's superintendent and therefore not entitled to overtime. Finally, the various remaining claims asserted by Plaintiff under NYLL will be subject to dismissal following discovery.


**2.      Basis of Subject Matter Jurisdiction**

Plaintiff asserts that this Court has subject matter jurisdiction over their federal claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and their state claims pursuant to 28 U.S.C. § 1367. Defendants do not dispute that this Court has subject matter jurisdiction over this case.

**3.      Subjects on Which Discovery May be Needed**

The parties agree that written discovery will likely include documents which would relate to the time that Plaintiff spent working for Defendants, including all relevant time records and payroll records. The parties agree that depositions will likely be necessary. The parties do not anticipate the need for expert discovery in this case.

**4.      Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff on **April 14, 2020**.  In addition, on or before **June 20, 2020**, Plaintiff will produce relevant documents (in addition to documents already produced) that are identified in their Initial Disclosures and will continue to supplement their production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendants on **April 29, 2020**.  In addition, on or before **July 24, 2020,** Defendants will produce relevant documents (in addition to documents already produced) that are identified in their Initial Disclosures and will continue to supplement their production.

**5.      Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a.      All fact discovery must be completed by **December 11, 2020.**

b.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadline may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above:

i.      Depositions: Depositions shall be completed by **November 20, 2020** and limited to no more than five depositions per party.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

ii.      Interrogatories: Initial sets of interrogatories shall be served on or before **June 19, 2020**.  All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

iii.      Requests for Admission: Requests for admission must be served on or before **July 24, 2020**

iv.      Requests for Production: Initial requests for production will be exchanged on or before **June 19, 2020**, and responses shall be due on **July 24, 2020**.  All subsequent requests for production must be served no later than 30 days before the discovery deadline.

v.     <u>Supplementation:</u> Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6.     **Anticipated Discovery Disputes**

The parties do not anticipate any discovery disputes at this time.

7.     **Amendments to Pleadings**

a.     Are there any amendments to pleadings anticipated?  **None at this time.**

b.     Last date to amend the Complaint: **July 17, 2020**

8.     **Expert Witness Disclosures**

At this time, the parties do not anticipate utilizing experts.  Expert discovery shall be completed by **January 15, 2021.**

9.     **Electronic Discovery and Preservation of Documents and Information**

a.     Have the parties discussed electronic discovery?  **Yes**

b.     Is there an electronic discovery protocol in place, and if not when the parties expect to have one in place: No and by **May 15, 2020**

c.     Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?  **No.**

10.     **Anticipated Motions**

Plaintiff anticipates that he will make a motion for summary judgment pursuant to Federal Rule 56 following the conclusion of discovery.

Defendants anticipate that they will make a motion for summary judgment pursuant to Federal Rule 56 following the conclusion of discovery.

11.     **Early Settlement or Resolution**

The parties **<u>have</u>** discussed the possibility of settlement.  The parties will request a settlement conference by no later than **August 7, 2020**. The parties have already discussed potential settlement, and will continue discussing the potential for resolution of this case. To date, the parties have not scheduled a mediation.

12.     **Trial**

a.     The parties anticipate that this case will be ready for trial by **February 5, 2021.**

b.      The parties anticipate that the trial of this case will require **three** days, but that could estimate is subject to change depending on discovery.

c.      The parties **do not** consent to a trial before a Magistrate Judge at this time.

d.      The parties request a **jury** trial.

**13.      Other Matters**

The parties do not believe that there are any additional matters to discuss with the Court at this time.

Dated: New York, New York          Dated: New York, NY
       May 1, 2020          May 1, 2020


_____*/S/*_____          _____*/S/*_____
Abdul K. Hassan, Esq.          Joshua Beldner, Esq.
Abdul Hassan Law Group, PLLC          Tilton Beldner LLP
215-28 Hillside Avenue          626 RXR Plaza
Queens Village, NY, 11427          Uniondale, NY 11556
P: (718) 740-1000          P: (212) 262-3602

*Attorneys for Plaintiff*          *Attorneys for Defendants*

4